DECISION
This matter is before the Court on cross motions for summary judgment. Essentially, plaintiff Richard Morash thereinafter referred to as Plaintiff) and defendant Rhode Island Depositors Economic Protection Corporation (hereinafter referred to as DEPCO) over a period of time entered into a number of agreements effecting premises owned by DEPCO located on Quaker Lane in the Town of West Warwick known and referred to as Quaker Lane Commons. These agreements were in the first instance a purchase and sales agreement thereafter two extensions thereof and finally a new purchase and sales agreement. Pursuant to the provisions of these various documents DEPCO appeared as Seller and Plaintiff appeared as Buyer.
There are no factual disputes between the parties. The cross motions for summary judgment result from divergent views of the legal significance of the basic underlying facts.
As this Court views the motions before it, DEPCO is entitled to summary judgment for the reasons hereinafter set forth:
 1. Following the initial agreement and the two extensions thereof, a new offer was made by Plaintiff to Defendant.
 2. That offer submitted on the basic DEPCO purchase and sales agreement form included a certain contingency as set forth in paragraph 33 in an addendum to the sales agreement. This offer was submitted to DEPCO some time prior to March 9, 1994. The contingency dealt with certain arrangements to be made with the owner of contiguous real estate and required that if buyer were unable to make those arrangements it must notify the Seller on or before 4 p.m. on February 28, 1994, in which event then all deposits paid should be refunded and the agreement was to become null and void.
 3. On March 9, 1994, DEPCO purported to accept that offer by signing the same and returning a copy to Plaintiff (or to his counsel). It is significant to note that DEPCO wrote on the addendum to the sales agreement "this contingency has been removed. Deadline has passed. No contingency".
 4. This communique from Defendant to Plaintiff clearly did not constitute an acceptance of Plaintiff's offer; however, it did constitute a counteroffer by DEPCO to Plaintiff.
 5. The counteroffer, in fact, was accepted by Plaintiff in the following manner: several weeks following the forwarding by DEPCO to Plaintiff of the last mentioned offer, DEPCO notified Plaintiff that checks in the amount of $35,000 which originally had been tendered as earnest money under the earlier and no longer pertinent contractual arrangements were stale, and that accordingly, DEPCO requested $35,000 which thereafter was paid by Plaintiff to DEPCO. This payment constituted, in the view of this Court, acceptance by Plaintiff of the counteroffer of DEPCO.
 6. The contract (agreement) which thereupon came into existence (i) did not include paragraph 33 as set forth in the addendum hereinbefore referred to and (ii) did included paragraph 27 entitled "Condition of Property". That paragraph contains a provision by which Buyer (Plaintiff) specifically agreed to take the property "as is", "where is", and "with all faults" together with a representation that there were no warranties, representations of covenants of any kind with respect to the applicability of or compliance with applicable Federal, state, county, city or other public authorities having or claiming jurisdiction over the property or any laws, statutes, codes, ordinances, or regulations of any government authority, including without limitation, zoning, land use, building and fire safety, and environmental laws.
 7. Therefore when DEPCO set a closing for June 7, 1994, it was in fact consistent with the provisions of the existing purchase and sales agreement and, when Buyer failed to appear and buy, DEPCO became entitled to retain as liquidated damages the $35,000 theretofore paid to it by Buyer.
The law with respect to the function of a justice of the Superior Court when confronted with motions for summary judgment is clear. That is to say when there is no genuine issue of material fact and a moving party is entitled to judgment as a matter of law then and under such circumstances summary judgment is proper. As hereinabove set forth, this Court has found there to be no genuine issue of material fact and further has found that one of the cross moving parties, that is to say DEPCO, is entitled to judgment as a matter of law herein. Accordingly, summary judgment shall enter for defendant DEPCO.
Counsel for the prevailing party shall submit an appropriate order herein.